# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

    Petitioner,

Case No. 3:09-cv-471

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

    Respondent.

## ORDER FOR ANSWER

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. Because the face of the Petition raised questions in the Magistrate Judge's mind as to whether the Petition was timely, Petitioner was ordered to show cause why the Petition should not be dismissed as barred by the statute of limitations (Show Cause Order, Doc. No. 2). Petitioner has now responded (Doc. No. 3).

Without commenting on the sufficiency of Petitioner's showing of good cause, the Magistrate Judge determines that any possible statute of limitations defense should not be decided on initial review under Rule 4. Since it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court, it is hereby ORDERED that Respondent shall, not later than February 13, 2010, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust

state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

The answer shall be accompanied by those portions of the state court record needed to adjudicate this case, appropriately indexed and tabbed. As required by Fed. R. Civ. P. 5, a complete copy of the answer and attachments must be served on Petitioner at the time of filing. In lieu of these attachments, Respondent may request and the Court will issue a writ of certiorari to the relevant county's Clerk of Courts to produce the complete record.

Nothing in this Order is intended to prevent Respondent from filing a motion to dismiss or other pleading before filing the complete record if disposition can be made on an incomplete record.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer. If Respondent files a motion to dismiss, Petitioner's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Sections Coordinator, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215.

At the conclusion of his Petition, Mr. Gillispie requests the Court to grant him discovery, an evidentiary hearing, and permission to amend after exhaustion of claims now pending in the state courts. Each such request is denied without prejudice to its renewal at the proper time after a scheduling conference and when accompanied by a memorandum of law as required by S. D. Ohio Civ. R. 7.2.

January 4, 2010.

                                                  s/ **Michael R. Merz**
                                                  United States Magistrate Judge