# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

    Petitioner,

    -vs-

DEB TIMMERMAN-COOPER, Warden,

    Respondent.

Case No. 3:09-cv-471

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the Petition for lack of exhaustion (Doc. No. 5). The Motion was filed and served on February 10, 2010. Under S. D. Ohio Civ. R. 7.2, Petitioner's time to oppose that Motion expired March 8, 2010, but no opposition has been filed[1].

Petitioner raises herein only one Ground for Relief

> The State's failure to disclose to the defense, prior to or during trial, supplemental reports written by the original investigating detectives, which eliminated Petitioner as a suspect, violated Petitioner's due process rights pursuant to *Brady v. Maryland*. U.S. Const. amend. V, XIV.

(Petition, Doc. No. 1, at 1.) Respondent concedes that this *Brady v. Maryland* claim for relief, the only one made in the Petition, is in fact exhausted (Motion, Doc. No. 5, at 3.) In *State v. Gillispie*, 2009 Ohio 3640, 2009 Ohio App. LEXIS 3107 (Ohio App. 2nd Dist. July 24, 2009), the court affirmed

---

[1] Although Petitioner himself is incarcerated, he is not entitled to the benefit of the mailbox rule of *Houston v. Lack,* 487 U.S. 266 (1988), because he is represented by counsel.

on the merits the Common Pleas Court's denial of Petitioner's *Brady* claim made in the Petition. *Id.* at ¶¶ 70-106. The Ohio Supreme Court denied leave to appeal on December 2, 2009. *State v. Gillispie*, 2009 Ohio 6210, 917 N.E. 2d 812, 2009 Ohio LEXIS 3403. Therefore the only claim made in the Petition is in fact exhausted.

However, in the same Opinion, the Second District Court of Appeals reversed the Common Pleas Court's denial of Petitioner's Motion for New Trial and "remanded to the trial court for a hearing to determine whether Gillispie's evidence regarding Cobb merits a new trial." *State v. Gillispie*, 2009 Ohio 3640, 2009 Ohio App. LEXIS 3107, at ¶¶ 117-154 (Ohio App. 2nd Dist. July 24, 2009). According to the Petition (Doc. No. 1 at ¶ 15), Petitioner has a pending motion for new trial, set for hearing on March 12, 2010$^2$.

In the Petition, Mr. Gillispie announced his intention to seek a stay of these habeas proceedings until "until his remaining claims are exhausted in the state courts." (Petition, Doc. No. 1, at 35.) However, he has not done so, nor has he sought a stay in response to the instant Motion. He also announced in the Petition that "if he is unsuccessful in state court on his remaining claims, he will exhaust those issues and then will respectfully move to amend this petition and add the remaining claims once they are fully exhausted." *Id.*

Respondent argues these facts are sufficient to support a dismissal for lack of exhaustion, citing Rule 2(c)(1) of the Rules Governing § 2254 Cases; *Duncan v. Walker*, 533 U.S. 167 (2001); and *Rhines v. Weber,* 544 U.S. 269 (2005). Rule 2(c)(1) merely requires that a habeas petition include all the claims available to a petitioner. The Rule does not apply to the claim or claims now pending before the Common Pleas Court because they are not now "available" to Petitioner – for lack

---

$^2$A telephone call to Judge A.J. Wagner's chambers on March 12, 2010, elicited the information that the hearing has been re-set to April 30, 2010.

of exhaustion!

In *Duncan*, the Supreme Court held that the pendency of a first federal habeas petition did not toll the running of the one-year statute of limitations in 28 U.S.C. § 2244 as to a second petition because a federal habeas petition is not a request for "state" post-conviction or other collateral review. The impact of *Duncan* on Petitioner is that if this case is dismissed, the statute of limitations will not be tolled for any subsequent petition by virtue of the fact that this case has been pending. In fact, even if this case remains pending, its pendency does not toll the statute as to claims not made; a claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

*Rhines v. Weber*, 544 U.S. 269 (2005), permits a district court to stay a pending habeas proceeding to allow exhaustion of a claim in the state courts. While recognizing the value of avoiding piecemeal litigation, *Rhines* avoids the dismissal which was previously required for mixed habeas petition by *Rose v. Lundy,* 455 U.S. 509 (1982); *Rose*, of course, was decided before Congress created the statute of limitations for habeas actions in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

The Court is thus left in a conundrum: Respondent seeks dismissal for lack of exhaustion of a claim which is in fact exhausted. Petitioner did not oppose the Motion nor has Petitioner moved to stay the proceedings as he originally announced he intended to do. The Magistrate Judge has already raised the statute of limitations question and accepted *arguendo* Petitioner's response (Doc. Nos. 2, 3, 4.) Rather than run the risk of creating more, potentially fatal, statute of limitations problems without an understanding of counsel's position, the Magistrate Judge respectfully

recommends the instant Motion to Dismiss be denied. This in no way precludes Petitioner from voluntarily dismissing without prejudice if that is what he wishes to do.

March 12, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).