# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

    Petitioner,

-vs-

DEB TIMMERMAN-COOPER, Warden,

    Respondent.

Case No. 3:09-cv-471

Magistrate Judge Michael R. Merz

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Respondent's Motion for Reconsideration (Doc. No. 11) of the Court's Order Denying Motion to Dismiss (Doc. No. 10). Petitioner opposes the Motion (Doc. No. 13) and Respondent has not filed a reply in support.

There is only one Ground for Relief pled in the Petition:

> The State's failure to disclose to the defense, prior to or during trial, supplemental reports written by the original investigating detectives, which eliminated Petitioner as a suspect, violated Petitioner's due process rights pursuant to Brady v. Maryland. U.S. Const. amend. V, XIV.

(Petition, Doc. No. 1, at 1.) Respondent concedes that Petitioner has exhausted available state court remedies on this Ground for Relief (Motion to Dismiss, Doc. No. 5, at 3.)

Nevertheless, Respondent seeks dismissal on her assertion that the Petition is a mixed petition because Petitioner has made a claim that he is actually innocent of the crime of which he was convicted and he has not exhausted available state court remedies as to that claim. In *State v. Gillispie*, 2009 Ohio 3640, 2009 Ohio App. LEXIS 3107(Ohio App. 2nd Dist. July 24, 2009), the

-1-

Ohio Court of Appeals reversed the Montgomery County Common Pleas Court's denial of a new trial and remanded the case for a hearing on that motion. *Id.* at ¶¶ 117-154. As reflected in prior filings, that motion remains pending for hearing before Judge A.J. Wagner.

In the instant Motion, Respondent takes the position that the actual innocence claim has been pled in this proceeding because Petitioner has relied on it to excuse any potential time-bar on his *Brady* claim and had previously indicated his intention to amend the Petition to add actual innocence as a free-standing ground for relief once it was exhausted in the state courts. Petitioner has now withdrawn from any intention of adding actual innocence as a free-standing claim "absent some future change in the law or facts through newly discovered evidence" (Response, Doc. No. 13, PageID 109[1]). Thus the second of Respondent's concerns has been alleviated.

The Court finds that the first of Respondent's concerns does not require dismissal of these proceedings pending the outcome of the new trial proceedings in the state court.

Petitioner has asserted his actual innocence in this action, not as a ground for relief, but to excuse any running of the statute of limitations. (Response to Order to Show Cause, Doc. No. 3, PageID 46.) This Court has not decided the truth *vel non* of that assertion. Instead, it held "[w]ithout commenting on the sufficiency of Petitioner's showing of good cause, the Magistrate Judge determines that any possible statute of limitations defense should not be decided on initial review under Rule 4." (Order for Answer, Doc. No. 4, PageID 84.)

This Court has always understood that the exhaustion requirement applies to available state court remedies for substantive claims in federal habeas corpus. That reading is consistent with the

---

[1]Effective with the installation of version 4.1.1 of the software, the Court's CM/ECF system automatically affixes a distinctive page number (shown in the upper right-hand corner as PageID) to each page of each filed document.

case law.  In *Rose v. Lundy*, 455 U.S. 509 (1982), the case in which the Supreme Court adopted the total exhaustion rule, Justice O'Connor wrote that the federal courts were to give the state courts "the first opportunity to review all claims of constitutional error." *Id.* at 518-519.  That is, of course, different from allowing the state courts to make the first decision on all questions which may be material in a federal law suit.  In *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc), the Sixth Circuit held that in the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense, using "claims" in the same sense as in *Rose v. Lundy*: claims of constitutional error, not just questions of law or fact which might be material to a federal habeas proceeding.  Similarly, in *Rockwell v. Yukins,* 217 F.3d 421 (6th Cir. 2000), where the Sixth Circuit held that the fact that one of the exhausted claims in a mixed petition has merit is not sufficient ground to excuse exhaustion, it used the word "claims" in the same sense as *Rose v. Lundy*, to wit, a habeas ground for relief.

Respondent argues that this court should not proceed "while the state court is still considering the very issue Gillispie needs to 'excuse' his federal habeas procedural bars." (Motion, Doc. No. 11, Page *Id.* 102).  This is essentially a comity argument.  The standard for granting a new trial under Ohio law is as follows:

> [*P42] Crim.R. 33(A)(6) provides that a trial court may grant a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." "Before a new trial can be granted upon the basis of newly discovered evidence, the defendant must show that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6)

does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370; *State v. Vinzant*, Montgomery App. No. 22383, 2008 Ohio 4399, at P7.

*State v. Gillispie*, 2009 Ohio 3640, 2009 Ohio App. LEXIS 3107, at ¶ 42 (Ohio App. 2nd Dist. July 24, 2009). Review of a denial of a new trial motion is for abuse of discretion. The Court of Appeals in this case essentially held that the Common Pleas Court had abused its discretion in failing to hold a hearing "to flesh out the evidence [regarding the alternative suspect Kevin Cobb] and to determine whether a new trial under Crim.R. 33 is warranted based on that evidence." *Id.* at ¶ 138.

In recognizing an actual innocence exception to the AEDPA statute of limitations, the Sixth Circuit concluded that Congress enacted the statute of limitations in 28 U.S.C. §2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005). The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Id.* at 590. Thus the issues to be decided by the Common Pleas Court in evaluating the new evidence are, if not identical to the questions under *Souter/Schlup*, at least very close. It is certainly correct that if Petitioner is granted a new trial, this action will be rendered moot, but that determination may take a substantial additional amount of time. If the Common Pleas Court denies a new trial, will its determination have a *res judicata* effect on this Court's consideration of the actual innocence question? Neither party has briefed that point and this Court declines to decide the question in the absence of full briefing. Certainly an adverse decision on that question is not entitled to AEDPA deference under 28 U.S.C. § 2254(d) because it will not be a state court decision on a "claim" as that term is used in § 2254(d).

In sum, the Petition does not contain an unexhausted claim is the sense that Petitioner has made or will hereafter make a free-standing actual innocence claim for habeas corpus relief. Thus the Court is not commanded by statute or case law to dismiss the case pending state court decision or to stay the case under *Rhines v. Weber*, 544 U.S. 269 (2005). As a matter of judicial economy, the Court could defer any further action because a favorable decision in the state courts would render this case moot, but a great deal of time might expire before then[2]. No abstention such as that required by *Younger v. Harris*, 401 U.S. 37 (1971), appears to be required as the state courts have already proceeded to an initial judgment and are presently enjoying the fruits of that judgment, to wit, Petitioner's continued incarceration. Whether this Court should otherwise stay its hand as a matter of comity has not been satisfactorily briefed and the issues are not yet framed by any concrete pleadings in the case.

It is accordingly ORDERED that the Motion for Reconsideration is denied and Respondent

---

[2] The Montgomery County Common Pleas Court has a very congested docket. This Court has, on at least one occasion, waited four years for that court to decide a new trial motion.

is ordered to file an answer consistent with the original Order for Answer in this case (Doc. No. 4) not later than June 1, 2010.

April 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge