**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

ROGER DEAN GILLISPIE,

        :

    Petitioner,                          Case No. 3:09-cv-471

        :

    -vs-                                Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

        :

    Respondent.

---

**DECISION AND ORDER ON MOTION FOR RECONSIDERATION OF THE GRANTING OF AN EVIDENTIARY HEARING**

---

This habeas corpus case is before the Court on Respondent's Motion for Reconsideration (Doc. No. 35) of the Court's Order Granting an Evidentiary Hearing (Doc. No. 34). Petitioner has responded to the Motion, but only to emphasize Petitioner's position with respect to deference to the state court decision on materiality of the claimed *Brady* evidence (Doc. No. 36).

Respondent seems to argue that a federal habeas court must first decide whether a state court decision was unreasonable, considering the evidence before those courts:

> Respondent continues to argue that this Court cannot grant a hearing in this case because the AEDPA mandates deference to the state court's reasonable determination on the underlying issue. As such, (and as the State [of California] argues in *Cullen* [*v. Pinholster,* Supreme Court Case No. 09-1088]) this Court must **first** determine whether Gillispie can meet his burden under § 2254(d) because that burden remains even when "new" evidence is presented.

(Motion, Doc. No. 35, PageID 1995, emphasis added).

As claimed in the Motion (PageID 1997), the Court acknowledges that Respondent has

-1-

consistently taken the position that this Court must defer, under 28 U.S.C. § 2254(d), to the state court's objectively reasonable determination of the issue presented here. Indeed, the Court agrees with that position. The question is when that deference is to be factored into this Court's decision. If a federal habeas court could never conduct an evidentiary hearing before deciding whether to defer or not, what would be the meaning of the language in § 2254(e)(1) that "The applicant shall have the burden of rebutting that presumption of correctness [of state courts' determination of fact] by clear and convincing evidence"? Where else is such "clear and convincing evidence" to be presented except in an evidentiary hearing in federal court?

Or take the evidence which is to be offered here. Respondent claims it is not "new" evidence because it was already known to Petitioner at the time of his state court proceedings. However, there is or at least can be a great deal of difference between live testimony, subject to cross-examination, and affidavit testimony. The live testimony was never presented in the Ohio courts because, although offered, it was refused.

Respondent professes confusion from the Court's statement that "the Court has not yet been called upon ... to hold that the state court decision was not objectively reasonable," and notes that Respondent took this position "strongly" in the Return of Writ (Motion, Doc. No. 35, PageID 1997). The Court apologizes for engendering any confusion. The Court's position stems from the distinction between a return of writ, which is a pleading, and any motion which asks a court to adopt a position taken in a pleading. In other words, in a return of writ, a respondent is to respond to each allegation made in the petition and to plead its affirmative defenses. See Rule 5, Rules Governing § 2254 Cases. But a pleading itself does not "move" a court to act. In non-habeas civil practice, a defendant may move for dismissal under Rule 12(b) or seek judgment on the pleadings after they are closed, but the mere filing of an answer does not call upon a court to adopt any of the positions taken in the

answer.

The Motion for Reconsideration is denied.

November 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge