## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

                Petitioner,

        -vs-

DEB TIMMERMAN-COOPER, Warden,

                Respondent.

:

:

:

:

Case No. 3:09-cv-471

Magistrate Judge Michael R. Merz

---

### DECISION AND ORDER

---

This habeas corpus case is before the Court on several post-evidentiary hearing filings: Respondent's Motion to Vacate Briefing Schedule (Doc. No. 48), Petitioner's Response in Opposition (Doc. No. 51), Petitioner's Motion to Expand the Record (Doc. No. 52), the Warden's Opposition to that Motion (Doc. No. 58), and  Petitioner's Amended Motion for a Ruling that the State Courts Violated § 2254(d) on the Record Before the State Courts (Doc. No. 57).  Petitioner also filed a Motion to Amend the Petition to add a claim (Doc. No. 54) which Respondent opposed (Doc. No. 58) and which Petitioner has withdrawn (Doc. No. 59).

The Warden seeks vacation of the briefing schedule the Court set after the evidentiary hearing in this case on the basis of *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011).  The Warden asserts that Petitioner's claims were adjudicated on the merits in the state courts and therefore any evidence added to the record in federal court, either live at the evidentiary hearing which was held, or by expansion of the record, cannot be considered in deciding whether the state court decision was contrary to or an objectively unreasonable application of clearly established

Supreme Court precedent.  Respondent opposes expansion of the record on the same basis (Doc. No. 58).

*Cullen* applies only to claims adjudicated on the merits in the state courts.  Petitioner asserts (Doc. No. 51, PageID 4398), but does not argue further, that the state courts did not adjudicate his claim on the merits.  Gillispie's sole ground for relief in this case is as follows:

> The State's failure to disclose to the defense, prior to or during trial, supplemental reports written by the original investigating detectives, which eliminated Petitioner as a suspect, violated Petitioner's due process rights pursuant to *Brady v. Maryland.* U.S. Const. amend. V, XIV.

(Petition, Doc. No. 1, PageID 28.)  After extensive recitation of the evidence on which Gillispie relied, the appeals court held: "Based on the record before it, the trial court did not err in finding, as a matter of law and without a hearing, that no *Brady* violation occurred with respect to the supplemental reports."  *State v. Gillispie*, 2009 Ohio 3640, ¶ 105, 2009 Ohio App. LEXIS 3107 (Ohio App. 2nd Dist. July 24, 2009).  The Ohio Supreme Court declined to take jurisdiction over an appeal. *State v. Gillispie*, 123 Ohio St. 3d 1510, 2009 Ohio 6210, 917 N.E.2d 812 (2009).  This decision plainly constitutes an adjudication of the merits of the claim Gillispie makes in this Court.

*Cullen* precludes this Court from considering, in deciding the § 2254(d)(1) question, evidence introduced at the evidentiary hearing conducted in this Court in March, 2011, before *Cullen* was decided. In *Cullen*, the Supreme Court expressly held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. That means that any evidence which this Court took at the evidentiary hearing or that offered in Petitioner's Motion to Expand the Record is immaterial to a decision on whether the Ohio courts' decisions on Gillispie's *Brady* claim was contrary to or an unreasonable application of United States Supreme Court precedent on ineffective assistance of counsel.

This Court had previously interpreted §§ 2254(d)(1) and 2254(e)(2) consistently with one another so as to allow a habeas petitioner who had been diligent in attempting to introduce evidence in the state courts but unsuccessful in doing so an opportunity to introduce that evidence at a hearing in this Court. That position is consistent with the alternative ruling in *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)(Sutton, J.), finding no abuse of discretion in granting an evidentiary hearing on a claim adjudicated on the merits in the state courts. But that reading of the two statutes, accepted by Justices Sotomayor and Alito in *Cullen*, was rejected by the majority.

As the Court understands *Cullen*, it must decide the § 2254(d)(1) question on the basis of the record before the state court. Accordingly, the Respondent's Motion to Vacate the Briefing Schedule is granted. Petitioner's Motion to Expand the Record is denied without prejudice to its renewal after the Court decides the § 2254(d)(1) issue. The Court agrees, at least initially, with Petitioner's arguments that (1) if the Court decides the § 2254(d)(1) question favorably to Petitioner, he would be entitled to *de novo* consideration of his *Brady* claim in this Court, (2) Petitioner would be entitled to have the evidence taken at the evidentiary hearing and arguably the materials submitted with the Motion to Expand considered on any *de novo* consideration because holding the hearing before deciding the § 2254(d)(1) issue was, at most, harmless error if the § 2254(d)(1) issue is determined favorably to Petitioner.

The Court considers the § 2254(d)(1) issue ripe as of the date of this Order without further
briefing.

June 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge