### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

:

        Petitioner,                               Case No. 3:09-cv-471

:

    -vs-                                   Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

:

        Respondent.

---

### DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR BOND AND RESPONDENT'S MOTION FOR STAY PENDING APPEAL

---

        This habeas corpus case is before the Court on Petitioner's Motion for Bond (Doc. No. 64) and Respondent's Motion to Stay and Opposition to Petitioner's Motion for Bond (Doc. No. 67).

### Motion for Stay

        Respondent seeks a stay of this Court's Decision and Order granting a conditional writ of habeas corpus pending appeal to the Sixth Circuit. Both parties recognize that whether to grant a stay is within the sound discretion of the district court and that the controlling Supreme Court authority is *Hilton v. Braunskill*, 481 U.S. 770 (1987). There the Court recognized that Fed. R. App. P. 23(c) creates a presumption in favor of release pending appeal of a successful application for the writ, but that the presumption must be balanced against "the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id.* at 777. Those factors are

-1-

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776, *citing, inter alia,* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973).

Most of the argument of the parties on the stay question is devoted to the strength of Respondent's case on appeal.  (See Doc. Nos. 67, 68).  The Court has already stated at length its opinion on the respective strengths of the parties' positions in the Decision and Order Granting Conditional Writ of Habeas Corpus (Doc. No. 63) and will leave further evaluation to the Court of Appeals.

One point in Respondent's Motion, however, requires further comment.  Respondent asserts that this Court has relied on evidence introduced at the evidentiary hearing in this Court.  Although an evidentiary hearing was held on March 10, 2011 (See Minutes, Doc. No. 44), the Court expressly held that the evidence taken could not be considered in light of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011):

> *Cullen* precludes this Court from considering, in deciding the § 2254(d)(1) question, evidence introduced at the evidentiary hearing conducted in this Court in March, 2011, before *Cullen* was decided. In *Cullen*, the Supreme Court expressly held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398.
>
> That means that any evidence which this Court took at the evidentiary hearing or that offered in Petitioner's Motion to Expand the Record is immaterial to a decision on whether the Ohio courts' decisions on Gillispie's *Brady* claim was contrary to or an unreasonable application of United States Supreme Court precedent on ineffective assistance of counsel.

(Decision and Order, Doc. No. 62, PageID 4507.)  As it did in the quoted decision, the Court again

expressly denies any reliance on the evidence presented in the March hearing or, indeed, any other material not before the state court which decided the *Brady* claim before this Court.

As to the second factor, the State will not be irreparably injured without a stay. Indeed, the State, which seeks the stay, is more likely to be injured by delay than the Petitioner since the case against Petitioner, already over twenty years old, is likely to be several years older after appellate review. Nevertheless, for the State to vacate the judgment and retry the case means it would be effectively giving up its right to appellate review and the State has considerable investment in the case as it stands.

Staying the judgment pending appeal would cause very substantial injury to Petitioner. Assuming he is innocent, as he has consistently claimed, staying the case without bond would cause him the irreparable injury of deprivation of his liberty for at least as long as the appellate review takes. If he is guilty, as two juries have unanimously found, he has nonetheless been severely punished up to this point in time.

The public interest weighs in favor of a stay. The Sixth Circuit has held

> District courts rightly favor conditional grants, which provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns. "[C]ourts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."

*Gentry v. Deuth*, 456 F.3d 687, ___ (6th Cir. 2006*), quoting Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The same respect for the Ohio courts – and particularly for the Montgomery County Common Pleas Court and the Montgomery County Court of Appeals – which led this Court to make the writ conditional weighs in favor of having this Court's judgment tested by the Court of Appeals before it becomes final. To the extent the public has an interest in imposing more punishment on

-3-

Mr. Gillispie if this Court's judgment is overturned, that interest can be protected by appropriate conditions of release.

The Court has had Mr. Gillispie's appropriateness for release evaluated by its Pretrial Services Office and has discussed the report and suggested conditions of release with counsel for Petitioner and Respondent, neither of whom raised any objections.  The victims have been given an opportunity, through the Montgomery County Prosecutor's Office, to be heard regarding release and the Victim Advocate has filed a statement (Doc. No. 72) which the Court has considered.  The Court believes the conditions of release it will impose adequately addresses the victim's safety concerns. Those conditions include remaining within the Southern District of Ohio on electronically monitored home detention.

It is accordingly ORDERED that:

1.      The effectiveness of the Order Granting Conditional Writ of Habeas Corpus is stayed pending the outcome of the Respondent's pending appeal to the Sixth Circuit Court of Appeals and any subsequent appellate review by the United States Supreme Court.

2.      Petitioner shall be delivered by Respondent into the custody of United States Pretrial Officer Melanie Furry at the prison at 7:30 p.m. on the date of this Order and shall thereafter be under the supervision of this Court's Pretrial Office on the conditions set by separate order.

December 22, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge