IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

   Petitioner,     :   Case No. 3:09-cv-471

  -vs-        :   Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

   Respondent.    :

## ORDER DISCHARGING PETITIONER FROM BOND AND ORDERING RESPONDENT TO SHOW CAUSE

   This habeas corpus case is before the Court *sua sponte* on notice that the Ohio Supreme Court has declined to exercise jurisdiction over a requested appeal from the Order of the Ohio Second District Court of Appeals which vacated the judgment which was the subject of this case. *State v. Gillispie*, ___ Ohio St. 3d ___, 2012-Ohio-5149, 2012 Ohio Lexis 2801 (2012), declining jurisdiction over an appeal from *State v. Gillispie*, 2012-Ohio-1656, 2012 Ohio App. LEXIS 1453 (Ohio App. 2nd Dist. Apr. 13, 2012), as modified on reconsideration at 2012-Ohio-2942, 2012 Ohio App. LEXIS 2575 (Ohio App. 2nd Dist. Jun 28, 2012).

   When this Court entered judgment, it stayed its judgment pending appeal and placed Petitioner under restrictive bond conditions (Decision and Order, Doc. No. 73).  After the Second District Court of Appeals vacated the judgment in question, this Court reduced Petitioner's bond to an own recognizance bond on the same general conditions applied to criminal defendants in this District and wrote

1

> When this Court granted Petitioner a conditional writ, it stayed that judgment pending appeal and released Petitioner on a bond with substantial conditions in recognition of the substantial interest the State of Ohio had in the conviction it had obtained once and re-obtained on a second trial. However, that interest is substantially decreased by the decision granting a new trial in *State v. Gillispie*, No. 24456, 2012 Ohio 1656, 2012 Ohio App. LEXIS 1453 (Ohio App. 2nd Dist. Apr. 13, 2012). Unless the Ohio Supreme Court reinstates that judgment of conviction, the State's interest in the judgment will be completely extinguished.

(Decision and Order, Doc. No. 88.) Because the Ohio Supreme Court has declined jurisdiction, the State of Ohio no longer has any interest in the prior judgment of conviction which this Court must protect. Accordingly, the Own Recognizance Bond is dissolved and Petitioner is discharged from those conditions.

It further appears to this Court that the action of the Ohio Supreme Court renders both this Court's final judgment and the appeal from that judgment moot. The Respondent is accordingly ordered to show cause not later than November 19, 2012, why this Court should not dissolve its stay pending appeal and notify the Sixth Circuit Court of Appeals that the appeal is moot. November 9, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

2