IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

        Petitioner,

     -vs-

DEB TIMMERMAN-COOPER, Warden,

        Respondent.

:

:

:

Case No. 3:09-cv-471

Magistrate Judge Michael R. Merz

## DECISION AND ORDER DENYING MOTION TO VACATE

    This habeas corpus case is before the Court on Respondent's request that this Court vacate its Decision and Order granting a conditional writ (Response to Court's Order to Show Cause, Doc. No. 92, PageID 4652). After Petitioner opposed the request to vacate (Doc. No. 95), the Court ordered (Doc. No. 96) additional briefing on the impact of Fed. R. Civ. P. 60(b) on the Motion and the parties have filed those briefs (Doc. Nos. 97, 98). The request is now ripe for decision.

**Procedural History**

    On December 15, 2011, this Court[1] granted Petitioner Roger Dean Gillispie a conditional writ of habeas corpus. *Gillispie v. Timmerman-Cooper*, 835 F. Supp. 2d 482 (S.D. Ohio 2011).

---

[1] The Decision and Order is the final appealable order of this Court because the parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and District Judge Rice referred the case on that basis (Doc. No. 9).

1

In doing so, the Court agreed with the Ohio Second District Court of Appeals' decision[2] that certain evidentiary material withheld from Gillispie was required to be disclosed to him under *Brady v. Maryland*, 373 U.S. 83 (1963).  The Court concluded, however, that "[t]he state courts' determination that the evidence in question is not material is both an unreasonable determination of the facts in light of the evidence presented to those courts and an objectively unreasonable application of *Brady* and its progeny." 835 F. Supp. at 509.  Based on that conclusion, the Court ordered that Gillispie be released from custody unless he was "again convicted at a trial commencing not later than July 1, 2012." *Id.* Respondent appealed to the Sixth Circuit (Doc. No. 65) and this Court stayed the conditional writ pending appeal (Doc. No. 73).

Pending in parallel with this action was Gillispie's motion for new trial in the Ohio courts.  On April 13, 2012, the Second District Court of Appeals vacated the conviction and sentence and remanded for a new trial.  *State v. Gillispie*, 2012-Ohio-1656, 2012 Ohio App. LEXIS 1453 (Ohio App. 2nd Dist. Apr. 13, 2012). The State appealed, but the Ohio Supreme Court declined to exercise jurisdiction. *State v. Gillispie,* 133 Ohio St. 3d 1467, 2012-Ohio-5149 (2012).

On November 9, 2012, the Court noted the Ohio Supreme Court decision *sua sponte* and concluded:

> It further appears to this Court that the action of the Ohio Supreme Court renders both this Court's final judgment and the appeal from that judgment moot. The Respondent is accordingly ordered to show cause not later than November 19, 2012, why this Court should not dissolve its stay pending appeal and notify the Sixth Circuit Court of Appeals that the appeal is moot.

(Order, Doc. No. 91.)  That Order produced the instant request to vacate from Respondent.

After the Order to Show Cause was issued, Respondent voluntarily dismissed her appeal

---

[2] *State v. Gillispie*, 2009-Ohio-3640, 2009 Ohio App. LEXIS 3107  (Ohio App. 2nd Dist. July 24, 2009).

pursuant to Fed. R. App. P. 42(b)³ (Doc. No. 93), and this Court dissolved its stay pending appeal (Doc. No. 94).

**Analysis**

**Authority to Consider the Request**

Petitioner initially opposed the request to vacate by asserting this Court had no jurisdiction to consider it (Gillispie's Response, Doc. No. 95, PageID 4661-4663). That argument was largely addressed to a district court's loss of jurisdiction during the pendency of an appeal. While this Court may have lacked authority to vacate its judgment while the appeal was pending, that obstacle disappeared when the appeal was dismissed. Gillispie also correctly points out that this Court has no vacatur authority under 28 U.S.C. § 2106; that section grants authority only to appellate courts.

In his most recent filing, Gillispie argues the Court lacks authority to vacate the decision because Fed. R. Civ. P. 60(b) allows relief only on motion and, Gillispie claims, Respondent has made no motion (Gillispie's Response to Court's Rule 60 Inquiry, Doc. No. 98, PageID 4690-4692). It is certainly true that Respondent's request that the Decision and Order be vacated does not first appear in a document labeled "Motion." Nor did Respondent cite Fed. R. Civ. P. 60(b) in connection with its original request to vacate. However, Respondent did devote four pages of its Response to arguing why vacating the Decision was appropriate (Response, Doc. No. 92, PageID 4650-4653) and she has expressly invoked Fed. R. Civ. P. 60(b) when asked by the

---

³ That rule reads in pertinent part "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."

3

Court if that was the basis for the request (Response, Doc. No. 97, PageID 4674-4685) and indeed labeled the Response in part as a "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)."

Given these facts, the Court concludes Respondent has adequately "moved" for relief under Fed. R. Civ. P. 60(b). Moreover, Gillispie has had adequate opportunity to respond to that request for relief.

Fed. R. Civ. P. 60(b) relief can be appropriate in habeas corpus cases. *Gonzalez v. Crosby,* 545 U.S. 524 (2005)

### Jurisdiction Over the Case

Respondent asserts that the conditional writ may no longer be enforced and should therefore be vacated because the state court conviction has been vacated by the court of appeals (Warden's Response, Doc. No. 92, PageID 4650-4653). While that might be sufficient if the conviction had been vacated with prejudice, that is not the case here. Rather, the Ohio court of appeals remanded the case for a new trial. The effect of the court of appeals' judgment is to return the parties to the position they were in prior to commencement of trial. Ohio Revised Code § 2945.82; *State v. Love*, 2008 Ohio App. LEXIS 5735 (Ohio App. 1st Dist. Dec. 26, 2008), *citing State v. Liberatore*, 69 Ohio St. 2d 583, ¶ 2 of the syllabus (1982). Gillispie remains indicted on the original indictment, he has already entered a plea of not guilty, and the Common Pleas Court continues to exercise jurisdiction over him pursuant to the original indictment and the arrest warrant or summons issued on that indictment.

While Gillispie may no longer be in custody on the judgment of conviction which was

4

before this Court, the conditional writ of habeas corpus has not yet been fully executed. This Court's order was that, unless Gillispie was retried and convicted before July 1, 2012, the writ would become absolute. Gillispie has not yet been re-tried and re-convicted. Gillispie states that "the fact that the retrial process has begun means that this Court's conditional writ has already been executed." (Gillispie Rule 60(b) Response, Doc. No. 98, PageID 4698.) The Court disagrees. The trial commences for Double Jeopardy purposes when a jury is sworn. *Crist v. Bretz*, 437 U.S. 28 (1978). The conditional writ will not be satisfied until and unless that new jury convicts Gillispie again.

Authority for retaining jurisdiction and enforcing the conditional writ if necessary is provided by *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006). There the Sixth Circuit held that the district court had jurisdiction to enforce its conditional writ and indeed make it absolute even after the petitioner had been released from prison on expiration of her sentence when there remained collateral consequences of the felony conviction. Thus this Court's comment that it "appears to this Court that the action of the Ohio Supreme Court renders … this Court's final judgment . . . moot" (Doc. No. 91, PageID 4647) is incorrect. If the State fails to retry and reconvict Gillispie within the time allowed by the conditional writ, Gillispie could move in this Court to have the writ made unconditional.

*Girts v. Yanai,* 600 F.3d 576 (6th Cir. 2009), is not to the contrary. There the State of Ohio failed to retry a petitioner within the time allowed by a conditional writ, but also complied with the court's alternative order to release the petitioner. That has not happened here. This Court acknowledges, as did the Sixth Circuit in *Girts*, that it has no authority to engage in "continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." *Id.* at 582, *quoting Pitchess v. Davis,* 421 U.S. 482, 490 (1975). This Court has

5

no intention of attempting any continuing supervision of any retrial.  The Court's only interest is in compliance with its judgment.

## Propriety of Fed. R. Civ. P. 60(b) Relief

Given that jurisdiction has been returned to this Court by dismissal of the appeal and the case is not moot, should the Court vacate the judgment for any of the other reasons given by Respondent?

Respondent asserts that comity concerns warrant vacation of the judgment.  In particular, the State is concerned that there not be confusion "regarding which court – state or federal – must provide the final say on legal rulings and proceedings of Gillispie's criminal retrial to be held in Ohio pursuant to Ohio criminal law."   (Response, Doc. No. 92, PageID 4652.) Respondent cites no examples of any confusion which has occurred or is likely to occur arising out of the continued existence of this Court's final judgment.  It is implicit in the Decision and Order – as it is in any conditional writ of habeas corpus granted by a federal court – that the retrial will be conducted in state court under the relevant State's criminal law and the United States Constitution.  The assigned Common Pleas Judge in this case is unquestionably well suited to carry out that project without any extra-jurisdictional meddling by this Court, but also without this Court vacating its judgment.  Among the three state courts and the three federal courts which might conceivably be involved with this case in the future, the one which has the "final" say on any legal ruling will depend entirely on context.  The first rulings obviously must be made in the state trial court.

Particularly troubling is the State's suggestion that the Decision and Order should be

vacated because it embodies "this Court's finding of a *Brady* violation without the benefit of any review by an Article III judge." (Response, Doc. No. 92, PageID 4652.) The honor of the Magistrate Judges' corps requires a response.

The Magistrate Judges' system was created in 1968 to be an adjunct to the district courts, after the model of the bankruptcy system, but with great flexibility in the use of magistrate judges by District Judges. While magistrate judges inherited the petty offense and pre-indictment criminal responsibilities which had been held by United States Commissioners since 1793, they were empowered to exercise far broader authority, but always subject to referral by a District Judge before exercising the power and appeal to a District Judge after exercise. Eleven years of successful experimentation led the Congress in 1979 to allow the parties to consent to plenary exercise of district court authority by selected magistrate judges, subject again to referral by and appeal to an Article III judge. Eventually the little-used option of appeal to the district court was repealed and appeals now go to the Circuit Court.

Thus Magistrate Judges are completely integrated into the federal court system established under Article III of the Constitution. Although, like Bankruptcy Judges, they do not have the guarantee of life tenure, almost all Magistrate Judges serve until death or voluntary retirement. Congress designed the system to give them complete independence from all government actors except Article III judges.

Having had the *Brady* ruling from an Article III judge would not have made it more binding, either as a final order of a district court or as a matter of precedent. With respect to precedent, one District Judge's rulings do not bind even other judges of the same court, much less other district courts. *Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3d Cir. 1991); see also *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987)

(district judges should not treat decisions of other district judges as controlling unless doctrines of *res judicata* or collateral estoppel apply). Even a panel decision of the Sixth Circuit would not be binding as a matter of precedent unless it were published. Any value the Decision and Order has as precedent depends entirely on its ability to persuade, determined by how well it is written, not by the hierarchical status of the writer.[4]

Of course, the fact that the State does not now have the benefit of a ruling by any Article III judges in this case is the result of its own uncoerced choices. Consent to plenary magistrate judge jurisdiction is completely voluntary; parties are reminded of this and that there are no adverse substantive consequences of declining consent. Moreover, appeal of this Court's final decision was to an Article III court. It was the State which confessed mootness as part of its motion to dismiss the appeal (See Motion to Dismiss Appeal as Moot, 6th Cir. Case No. 11-4417, Doc. No. 006111509091, filed 11/23/2012)[5]. It may have believed it likely faced an adverse ruling, as Gillispie argues, or it may have believed it was only recognizing the inevitable and that the Sixth Circuit would find mootness *sua sponte*. Regardless, dismissal of the appeal was voluntary.

Even though the Decision and Order has no binding precedential effect, the Magistrate Judge might be persuaded to vacate it if shown it announced an unwise principle or even one the Magistrate Judge might not be prepared to follow in future cases raising similar questions, or even that it was wrong on the merits. Respondent, however, has not attempted any such demonstration.

---

[4] The Decision and Order is not likely to have much effect as a persuasive opinion. It does not announce any new analysis on habeas questions, but is instead a fact-intensive application of *Brady* to particular pieces of evidence in one case.

[5] The Court rejects Respondent's argument that counsel was bound as a matter of professional responsibility to move to dismiss in the Sixth Circuit. (Warden's Response, Doc. No. 97, PageID 4686.) At the same time, the Court regrets if its comment that the appeal appeared to be moot misled counsel on that point.

Respondent argues relief is proper under Fed. R. Civ. P. 60(b)(4) because "the judgment has become void." (Response, Doc. No. 97, PageID 4679.) A void judgment is, of course, one entered by a court which lacks jurisdiction. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2862. Federal courts are obliged to note lack of subject matter jurisdiction *sua sponte*. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). However, this Court unquestionably had subject matter jurisdiction under 28 U.S.C. § 2241 when it entered judgment – the State makes no argument to the contrary -- and that jurisdiction has not retroactively disappeared.

Fed. R. Civ. P. 60(b)(5) permits vacating a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Respondent relies on the second clause, asserting that the prior judgment of conviction was a "necessary element" of the conditional writ (Response, Doc. No. 97, PageID 4681, citing *Lowry Development, L.L.C. v. Groves & Assocs. Ins., Inc.,* 690 F.3d 382 (5th Cir. 2012).)

Rule 60(b)(5) does not speak to the situation presented here. Historically habeas corpus jurisdiction depends on custody, not the manner by which custody was established. 28 U.S.C. § 2241, with exceptions not pertinent here, limits the habeas jurisdiction of federal judges to persons "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254 addresses only a subset of those cases, to wit, persons in custody pursuant to a judgment of a State court. Habeas corpus under § 2254 is not a suit on a judgment (i.e. with a judgment as an element), but a suit attacking custody by way of a collateral attack on the judgment giving rise to the custody. If Respondent's argument were correct, then every final judgment in a habeas case which granted relief would be subject to vacation under Rule 60(b)(5) because the habeas

judgment would have "nullified" the state judgment being collaterally attacked.

Fed. R. Civ. P. 60(b)(6) permits vacation of a judgment "for any other reason that justifies relief." Here again Respondent suggests that, because this Court lacks jurisdiction to enforce the conditional writ, it should vacate its judgment under Rule 60(b)(6) "making way for the State of Ohio to retry Gillispie unfettered by potentially contradictory federal court involvement." (Warden's Response, Doc. No. 97, PageID 4682.)

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Respondent recognizes that change in decisional law is usually not, by itself, an extraordinary circumstance. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Here, however, Respondent argues, there is a change in both the decisional law and the relevant facts which together constitute an extraordinary circumstance (Response, Doc. No. 97, PageID 4682).

On the contrary, there is no "change" in the decisional law on which this Court's decision was based. The Second District Court of Appeals granted Gillispie a new trial on a legal basis different from this Court's legal basis. The factual circumstances have somewhat changed – the State is now bound to retry Gillispie both by this Court's conditional writ and the mandate of the Second District Court of Appeals. Those orders do not conflict.

10

However, this Court's Decision and Order does conflict with the prior decision of the Second District Court of Appeals on the precise issue on which this Court ruled. *State v. Gillispie*, 2009-Ohio-3640, 2009 Ohio App. LEXIS 3107 (Ohio App. 2nd Dist. 2009). If the Decision and Order were vacated, presumably the Second District's prior decision would be the law of the case for the retrial. This Court found that prior decision was "both an unreasonable determination of the facts in light of the evidence presented to those courts and an objectively unreasonable application of *Brady* and its progeny." Gillispie, 835 F. Supp. at 509.

The Second District Court of Appeals has itself recognized that a decision of this Court in a habeas corpus case can have collateral estoppel effect in a later proceeding in the Ohio courts, even if this Court's decision is in error as a matter of Ohio law. *State v. Slagle*, 2012-Ohio-1575, 2012 Ohio App. LEXIS 1384 (Ohio App. 2nd Dist. Apr. 6, 2012). There is no good reason offered by Respondent why Gillispie should be deprived of that benefit of his judgment in this Court which was obtained with much effort.

Respondent's motion for relief from judgment is DENIED.

At the time the conditional writ was granted, the State had 196 days within which to re-try and re-convict Gillispie. That order was stayed on December 22, 2011, but the stay was dissolved November 28, 2012. As of the date of this Order, the State has 167 days[6] left in which to re-try and re-convict Gillispie or the writ can be made unconditional.

December 20, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[6] This time limit is obviously not inflexible. The Court has authority to adjust it on good cause shown, as it did when granting the stay pending appeal.