IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

:

    Petitioner,                                    Case No. 3:09-cv-471

:

  -vs-                                           Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

:

    Respondent.

## DECISION AND ORDER DENYING MOTION
## FOR STAY PENDING APPEAL

This habeas corpus case is before the Court on Respondent's Motion to Stay, pending appeal, this Court's Decision denying Respondent's Motion to Vacate the final judgment in this case (Doc. No. 100, the "Motion to Stay"). Petitioner opposes the Motion (Doc. No. 103, the "Memo Contra") and Respondent has filed a Reply in support (Doc. No. 105, the "Reply Memo"). The Magistrate Judge has plenary jurisdiction in the case pursuant to 28 U.S.C. § 636(c) upon the parties unanimous consent and referral from District Judge Rice (Doc. No. 9).

### Relevant Procedural History

On December 15, 2011, after two years of litigation including an evidentiary hearing[1],

---

[1] Evidence taken at the hearing was not considered in the final Decision because the Supreme Court decided *Cullen v. Pinholster*, 131 S. Ct., 1388, 179 L. Ed. 2d 557 (2011), in the interim. See Decision, Doc. No. 62, PageID 4507.

1

this Court granted Petitioner a conditional writ of habeas corpus. *Gillispie v.Timmerman-Cooper,* 835 F. Supp. 2d 482 (S.D. Ohio 2011). The Court found merit in Gillispie's sole claim, to wit, that the State had withheld from him evidence it was required to disclose under *Brady v. Maryland*, 373 U.S. 83 (1963). The Court's Decision (Doc. No. 63) agreed with the Ohio Second District Court of Appeals[2] that the evidence in question should have been disclosed under *Brady,* but disagreed with that court's ultimate conclusion that the evidence was not material, finding that conclusion an objectively unreasonable application of *Brady* and an unreasonable determination of the facts in light of the evidence presented to the state courts. *Id.* at 4550-4551. The Decision concluded "The State of Ohio is ordered to release Petitioner from custody unless he is again convicted at a trial commencing not later than July 1, 2012." *Id.*

Respondent immediately appealed to the Sixth Circuit (Doc. No. 65). Applying the same law applicable to the instant Motion, the Court granted the State's Motion for Stay Pending Appeal, but admitted Gillispie to bail pending appeal under the presumption of bailability in Fed. R. App. P. 23(c) (Doc. No. 73).

In parallel with these proceedings, Gillispie pursued a new trial motion in the Montgomery County Common Pleas Court. Although unsuccessful in that court, he was granted a new trial by the Second District Court of Appeals. *State v. Gillispie*, No. 24456, 2012 Ohio 1656, 2012 Ohio App. LEXIS 1453 (Ohio App. 2nd Dist. Apr. 13, 2012). The Ohio Supreme Court declined further review on November 7, 2012. *State v. Gillispie*, 133 Ohio St. 3d 1467 (2012).

Notified of this result, this Court released Gillispie from bail and offered the State an opportunity to show cause why its appeal was not moot (Order, Doc. No. 91). In response, the State voluntarily dismissed its appeal. *Gillispie v. Warden,* No. 11-4417 (6th Cir. Nov. 26,

---

[2] This was the last state court to render a reasoned decision on Gillispie's *Brady* claim.

2012)(copy at Doc. No. 93). Conceding that its appeal was moot, the State also argued that, by virtue of the state appellate court's vacation of the underlying judgment, this Court had lost jurisdiction to enforce its conditional writ and should therefore vacate its final judgment under Fed. R. Civ. P. 60(b) (Response to Order to Show Cause, Doc. No. 92, docketed as Motion to Vacate). Gillispie opposed that request (Doc. No. 95). After additional briefing (Doc. Nos. 97, 98), the Court denied the Motion to Vacate (Doc. No. 99). The State has appealed that Decision (Doc. No 101) and now seeks a stay pending appeal (Motion to Stay, Doc. No. 100).

**Analysis**

Although a timely appeal vests jurisdiction in the Court of Appeals, this Court retains jurisdiction to stay a decision pending appeal. Fed. R. Civ. P. 62.

The factors are to be considered when determining whether to grant a stay pending appeal are

> 1) Whether the [appellants] have shown a strong or substantial likelihood or probability of success on the merits;
>
> 2) Whether the [appellants] have shown irreparable injury;
>
> 3) Whether the issuance of a [stay] would cause substantial harm to others;
>
> 4) Whether the public interest would be served by issuing a [stay].

*Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n.,* 812 F.2d 288, 290 (6th Cir. 1987). These are the same factors used in determining whether to grant a preliminary injunction. *Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989);

*Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985);  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).  These factors are the same as those applied by this Court in staying its conditional writ pending appeal by the State.  *Gillispie v. Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 147841 *2 (S.D. Ohio Dec. 22, 2011), *quoting Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987), citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973).

These four considerations are "factors to be balanced, not prerequisites that must be met.  Accordingly, the degree of likelihood of success required may depend on the strength of the other factors."  *DeLorean*, 755 F.2d at 1229.  The four considerations are factors to be balanced, not prerequisites that must be met.  *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).  Although no one factor is controlling, a finding that there is no likelihood of success is usually fatal.  *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

The Court analyzes the four considerations separately.

## Likelihood of Success on the Merits

This Court's final judgment[3] granting the writ had both retrospective and prospective components.  Reviewing the state court record and decision, it concluded that Gillispie was being confined on a judgment unconstitutionally obtained by not making the disclosure required by *Brady, supra*.  Having made that judgment, the Court was required to decide what relief to grant.  At that point Gillispie became "instantly entitled to an unconditional writ of habeas corpus – immediate release and vacation of the conviction."  *D'Ambrosio v. Bagley*, 656 F. 3d 379, 391

---

[3] Respondent refers to the judgment dismissively as "this Court's untested '*Brady* Order.'" (Motion, Doc. No. 105, PageID 4783).

4

(6th Cir. 2011)(Boggs, J., dissenting). Prospectively, however, the Court did not then grant an unconditional writ, but, as is not uncommon in habeas corpus cases, the writ was made conditional on the State's retrying and reconvicting Gillispie in constitutionally conducted proceedings not later than a date certain.

The State's argument in its instant Motion focuses almost entirely on the prospective aspect of the judgment and asserts this Court lacks jurisdiction to make the writ unconditional because the underlying criminal judgment has been vacated by the Ohio courts.

As this Court acknowledged in denying the Motion to Vacate, the Sixth Circuit's jurisprudence on when a district court loses jurisdiction to enforce a conditional writ is not unequivocal. (Compare Ge*ntry v. Deuth*, 456 F.3d 687 (6th Cir. 2006); *Girts v. Yanai,* 600 F.3d 576 (6th Cir. 2009)). On the analysis of that jurisprudence set forth in this Court's denial of the Motion to Vacate, the Court believes it does have jurisdiction to make the writ unconditional when and if the State fails to comply with the conditions in the final judgment. (See Decision and Order Denying Motion to Vacate, Doc. No. 99, PageID 4714-4715.)

The only issues which the Court of Appeals can or will consider on the presently pending appeal from that Decision are those related to denial of the Rule 60(b) motion, and not the underlying issues on the merits. Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §3916, citing *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263 n. 7 (1978); *Amernational Indus., Inc., v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991); *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Rather, the court of appeals inquiry is limited to whether one of the specified circumstances in Fed. R. Civ. P. 60(b) exists under which the appellant is entitled to reopen the merits of the underlying claims. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions under Rule 60(b) are

committed to the discretion of the district court and review is for abuse of that discretion.  *Brown v. Tennessee Dept. of Finance and Admin.*, 561 F.3d 542, 545 (6th Cir. 2009); *Jacobs v. DeShetler*, 465 F.2d 840, 843 (6th Cir. 1972)

Whether Respondent is likely to prevail on appeal as to the prospective portion of the judgment depends on whether the State can persuade the Court of Appeals that this Court abused its discretion in not conceding error by vacating the prospective portion of the judgment.  The Court is not persuaded that the Sixth Circuit jurisprudence on enforcement of conditional writs is so clear that it was an abuse of discretion not to vacate the prospective portion of the judgment.

Moreover, as Petitioner points out, that issue is premature. The Court has not attempted – indeed, it has not even been asked – to make the writ unconditional.  And the State's concern about this Court attempting to "supervise" the re-trial is purely speculative.  The Court has disclaimed any intention of attempting such supervision and the State[4] has pointed to no such attempted interference.  If, as the State repeatedly argues, this Court lacks jurisdiction to make the writ unconditional, the State will have a readily-available remedy in the court of appeals by writ of prohibition.

But entirely apart from any prospective effect of the final judgment, it also has an important retrospective aspect.  It determined that the material withheld from Gillispie should have been provided to him as a matter of constitutional law.  That determination was necessary to the judgment and was made in this litigation between the same parties who now face each other in the Common Pleas Court.  The retrospective portion of this Court's judgment is therefore entitled to full collateral estoppel effect in all future litigation between the parties, including the retrial proceedings now in progress.

---

[4] The Court acknowledges that the State is represented in the instant case by the Ohio Attorney General and in the Common Pleas Court by the Montgomery County Prosecutor.  Although there appears to be no divergence of interest or position at present, neither office controls the other's presentation as a matter of law.

Issue preclusion, or collateral estoppel as it is classically known, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action. *Taylor v. Sturgell,* 553 U.S. 880 (2008); *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001), quoting *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). The issue preclusion doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceedings." *Stern,* 262 F.3d at 608, quoting *Smith v. Securities & Exch. Comm'n,* 129 F.3d 356, 362 (6th Cir. 1997)(en banc). Ohio law is to the same effect. *Goodson v. McDonough Power Equipt.*, 2 Ohio St. 3d 193 (1983). However, if this Court vacated its judgment, the judgment would have no future preclusive effect at all, even of matter fully litigated. *Dodrill v. Ludt,* 764 F.2d 442 (6th Cir. 1985); *Metropolis Night Club v. Ertel,* 104 Ohio App. 3d 417, 419 (Ohio App. 8th Dist. 1995).

It seems clear from the State's papers on the instant Motion that it does not concede that collateral estoppel effect. It argues "[t]his Court did not, as Gillispie now argues, make any finding that the purported *Brady* violation was incurable such that the State of Ohio could not retry him unless they produced the alleged reports in question." (Reply, Doc. No. 105, PageID 4783.) On the contrary, that is precisely the implication of the retrospective portion of this Court's judgment: the evidence in question is *Brady* material and Gillispie may not be constitutionally convicted of the crimes of which he stands charged without production of that material. Any new judgment of conviction procured after a trial in which Gillispie was not

7

provided with the *Brady* material would be as unconstitutional as the old judgment and Gillispie would be entitled to file a new petition for writ based on the retrospective portion of the judgment entirely apart from this Court's authority *vel non* to make its prior writ unconditional.

Of course it seems entirely unlikely to this Court that Gillispie would have to file a new petition in those circumstances or even that those circumstances would likely occur. Long before Gillispie had exhausted his state court remedies on any new conviction, the Ohio courts, bound by the same oath to uphold the United States Constitution which binds all public officers, would have refused to permit conviction under those circumstances. In other words, however "untested" the State may believe this Court's final judgment is, that judgment is a declaration of how the United States Constitution applies to the facts of this case, binding on the parties.

Of course, if this Court vacated its judgment, the collateral estoppel effect of that judgment would disappear. That is in large part why the Motion to Vacate was denied. To grant a stay at this point would permit the State to have the benefit of victory in three contests it did not win: it did not persuade this Court to deny the writ, it abandoned its appeal which would have "tested" that final judgment, and it would relieve the State of the collateral effect of the judgment despite this Court's denial of vacation, until the Sixth Circuit acted.

The State does not dispute this Court's jurisdiction to have litigated the underlying merits of this case. Its claim of lack of jurisdiction extends, so far as this Court understands it, only to any attempt to enforce the conditional writ. Thus even if the Sixth Circuit completely agrees with the State on the prospective aspect of the judgment, it seems very unlikely it would hold that this Court abused its discretion in refusing to vacate the retrospective portion of the judgment. Thus the State of Ohio has not shown it is likely to prevail on the merits of its present appeal.

### Irreparable Injury

The State has not demonstrated it will suffer irreparable injury if the stay is not granted. There is no order from this Court attempting to make the writ unconditional. Although the Court did put a time limit on retrial, this Court has already adjusted that to accommodate the State's appeal of the decision on the merits and has never even hinted it would not be prepared to do so again if the Common Pleas Court needs additional time. On the other hand, a conditional writ with no deadline would be no remedy at all. The only "injury" the State will have to deal with in the absence of a stay is dealing with the collateral estoppel effect of the judgment.

### Substantial Harm to Others

Granting a stay pending appeal would substantially harm Petitioner. Because of the likely speeds at which the retrial in Common Pleas and the appeal to the Sixth Circuit will proceed, based on experience, a stay now might permanently deprive Petitioner of the benefit of the judgment he won here after hard and long litigation.

### The Public Interest

Explicating the meaning of the United States Constitution is the highest duty of the federal courts. *Marbury v. Madison*, 5 U.S. 137 (1803). Therefore the public at large has a substantial interest in a federal court's opinion on the constitutionality of official conduct, entirely apart from the interests of the parties in the decision. *United States Bancorp. Mortg. Co.*

*v. Bonner Mall P'ship*, 513 U.S. 18 (1994). It has become very rare for the federal courts to conclude a non-capital state court conviction cannot withstand constitutional scrutiny. In a 2007 study for the Federal Judicial Center of 1,993 habeas cases, Professor King found only seven grants of relief or about one-third of one percent.[5] The very rarity of the remedy emphasizes its importance. Indeed, in this very case, the Ohio Second District Court of Appeals found the withheld material qualified for disclosure under *Brady* and also ordered a new trial on an entirely different basis.

The Court's reluctance is not the result of stubbornness, at least so far as introspection can prove that point. Had the State shown this Court's *Brady* analysis was wrong, the Court would have been willing to back away from its conclusion. But the State has not done so.

## Conclusion

Respondent's Motion for Stay Pending Appeal is DENIED.

February 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[5] King, Cheesman, and Ostrom, Final Technical Report: Habeas Litigation in U.S. District Courts: An Empirical Study of Habeas Corpus Cases Filed by State Prisoners Under the Antiterrorism and Effective Death Penalty Act of 1996 (August 2007), p. 81.