IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

    Petitioner,

    -vs-

DEB TIMMERMAN-COOPER, Warden,

    Respondent.

:

Case No. 3:09-cv-471

:

Magistrate Judge Michael R. Merz

:

## DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO AMEND THE CONDITIONAL WRIT AND THE RULE 60 ORDER AND MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner Roger Dean Gillispie's Rule 60(b) Motion to Amend the Conditional Writ and Rule 60 Order (Doc. No. 108) and Motion to Expand the Record (Doc. No. 109). Respondent opposes both Motions (Doc. Nos. 112, 113) and Petitioner has filed Reply Memoranda in Support (Doc. Nos. 114, 115).

In December, 2011, this Court entered judgment granting Petitioner a conditional writ of habeas corpus, requiring the State of Ohio "to release Petitioner from custody unless he is again convicted at a trial commencing not later than July 1, 2012." (Doc. No. 63, PageID 4551). The State appealed and this Court stayed its judgment pending appeal (Doc. Nos. 65, 73). Eventually the State voluntarily dismissed that appeal (Doc. No. 93). In the meantime, the Ohio Second District Court of Appeals also ordered Petitioner re-tried.

Petitioner's case is now pending before Judge Dankof in the Common Pleas Court and is

1

to be set for trial within the time allowed by the conditional writ. Petitioner seeks to avoid that trial by having this Court's judgment amended to "make the writ unconditional, bar reprosecution, and require the State to expunge his record and take action to permanently remove him from the sex offender registry." (Doc. No. 108, PageID 4799).

Petitioner's position in the Motion depends heavily on evidence adduced in the Common Pleas Court once it reacquired jurisdiction on the existence vel non of the material this Court found should have been disclosed to Petitioner under *Brady v. Maryland*, 373 U.S. 83 (1963). Currently pending before Judge Dankof, as this Court understands it, is Petitioner's Motion to Compel Discovery, and if Required Discovery is Not Produced to Dismiss Indictment. Judge Dankof has ordered briefing on that Motion complete by April 16, 2013 (Order of March 1, 2013, Case No. 1990 CR 02667, available at www.clerk.co.montgomery.oh.us/pro; visited March 25, 2013.)

The Court has previously written on its understanding of its authority to make the writ unconditional and/or provide other relief to Petitioner if he is not re-tried in compliance with the conditional writ. While the Court continues to adhere to its previously-expressed views on this point, the Court believes it is inappropriate to exercise that power at this point in time. Rather, the Court will insist that Petitioner exhaust his state court remedy by way of his currently pending motion before Judge Dankof.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion doctrine is not jurisdictional. *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, in the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be

2

decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc). While Petitioner had exhausted available state court remedies before initially filing his Petition in this Court, the same principles of comity and federalism which underlie the exhaustion doctrine appear to be fully applicable at this stage of the proceedings.

Accordingly, Petitioner's Motion under Fed. R. Civ. P. 60(b) (Doc. No. 108) and his Motion to Expand the record under Rule 7 of the Rules Governing § 2254 cases (Doc. No. 109) are DENIED without prejudice to their renewal if Petitioner is denied relief in the Common Pleas Court.

March 25, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
