## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

          :

       Petitioner,                        Case No. 3:09-cv-471

          :

   -vs-                         Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

          :

       Respondent.

---

## DECISION AND ORDER GRANTING MOTION TO TOLL TIME

---

      This habeas corpus case is before the Court on Motion of the State of Ohio to Toll Time (Doc. No. 117).  Petitioner has responded (Doc. No. 119) and the State has filed a Reply (Doc. No. 120).

      Having previously announced an intention to do so, Gillispie filed a motion to dismiss the case against him in the Common Pleas Court on January 18, 2013.  On April 24, 2013, Common Pleas Judge Steven K. Dankof, to whom the re-trial proceedings are assigned, entered an Order Staying Proceedings which stayed the case in that court "pending the outcome of the appeal now pending before the 6th Circuit in *Gillispie v. Warden*, Case No. 13-3088" and ordered "the parties to immediately approach Magistrate Judge Merz for an agreed stay in the Federal Court pending the 6th Circuit's decision in the aforementioned appeal."  The parties were obviously unable to agree on the terms of a stay and the instant Motion was filed.

## Procedural History

On December 15, 2011, this Court granted Gillispie a conditional writ of habeas corpus, concluding that he had been denied his right to due process by being convicted at a trial at which he was denied access to materials to which he was entitled under *Brady v. Maryland*, 373 U.S. 83 (1963).  The Court ordered that he be released from custody "unless he is again convicted at a trial commencing not later than July 1, 2012."  (Decision and Order, Doc. No. 63, PageID 4551.) The State appealed the next day (Doc. No. 65).  The Court released Gillispie on bond and stayed its decision pending appeal to the Sixth Circuit in that court's Case No. 11-4417 (Doc. No. 73). On the State's motion to voluntarily dismiss that appeal, the Court of Appeals dismissed the case on November 27, 2012, without any consideration of the merits (Order, Doc. No. 93).  Upon receiving notice of that Order, this Court dissolved the stay pending appeal on November 28, 2012 (Doc. No. 94).

Even before the stay was lifted, the State sought to have the conditional writ vacated on the grounds it was moot and the Court no longer had authority to enforce it because the Ohio Second District Court of Appeals had reversed Gillispie's conviction (on different grounds than this Court had found) and remanded the case for re-trial (Doc. No. 92).  This Court denied the Motion to Vacate on December 20, 2012 (Doc. No. 99).  That decision is now on appeal to the Sixth Circuit in its Case No. 13-3088 (Doc. No. 101).  This Court has declined to stay its Rule 60(b) decision pending appeal (Doc. No. 106).  On February 15, 2013, the State asked the Sixth Circuit to stay the Rule 60(b) decision pending appeal, but the Sixth Circuit has not acted on that request as of the date of this Order.

When the Court denied the State's Rule 60(b) motion, it wrote:

2

> At the time the conditional writ was granted, the State had 196 days within which to retry and re-convict Gillispie. That order was stayed on December 22, 2011, but the stay was dissolved November 28, 2012. As of the date of this Order, the State has 167 days  left in which to re-try and re-convict Gillispie or the writ can be made unconditional.
>
> Fn This time limit is obviously not inflexible. The Court has authority to adjust it on good cause shown, as it did when granting the stay pending appeal.

(Decision and Order, Doc. No. 99, PageID 4720.)

The parties are agreed that the time set in the Conditional Writ to commence a new trial should be stayed pending the outcome of the pending appeal in the Sixth Circuit and such additional time as Judge Dankof may require to decide the pending motion to dismiss.[1]

The parties are not agreed on the date from which the tolling should start.  Petitioner seeks a start date of April 24, 2013, the date of Judge Dankof's stay order (Petitioner's Response, Doc. No. 119, PageID 4939).  The State seeks a start date of December 24, 2012, the date it says Gillispie announced his intention to move for dismissal, or January 18, 2013, the date the motion was actually filed.

The parties' argument about the start date seems to imply that the amount of time for re-trial allowed by the Conditional Writ is fixed, as if it were embedded in a speedy trial statute. That is not the case.  This Court retains authority to adjust the time in the Conditional Writ as is necessary to be in comity with the Common Pleas Court and to respect the needs of both parties to prepare appropriately for trial.

That said, it is inappropriate to toll the time from the date of Petitioner's announced

---

[1] The State represents and the Petitioner does not dispute that that motion is not ripe.  Judge Dankof's stay absolved Petitioner from filing his reply memorandum in support until that stay is lifted.

intention to move to dismiss, since many litigants announce intentions which are not enacted.[2] Instead, the appropriate date is the date of filing, January 18, 2013.

Accordingly, it is hereby ORDERED that the time within which the State of Ohio must commence a re-trial of the Petitioner or dismiss the charges against him with prejudice is tolled from January 18, 2013, until the date on which the Common Pleas Court decides the pending motion to dismiss.

May 20, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

Copy by email to The Honorable Steven K. Dankof

---

[2] That is not a commentary on counsel in this case, but an assessment that generalizing a rule based on stated intentions would not work in many cases.

4